UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALONZO BLAGROVE, ) | 1:08-CV-01120 AWI GSA HC |
| ) | |
| Petitioner, ) | ORDER DIRECTING RESPONDENT TO |
| ) | PROVIDE BRIEFING |
| v. ) | |
| ) | ORDER REQUIRING RESPONDENT TO |
| ) | SUBMIT NOTICE OF APPEARANCE |
| DENNIS SMITH, Warden, ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. ) | TO SERVE DOCUMENTS |
| ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 1, 2008, Petitioner filed the instant petition for writ of habeas corpus challenging his conviction and sentence. Petitioner seeks to challenge his federal conviction via the savings clause set forth in 28 U.S.C. § 2255. Among other claims, Petitioner alleges he is innocent because the substance he was charged with possessing is different from the actual substance as revealed in a forensic report he has submitted. Thus, he concludes his conviction and sentence are illegal. He claims his various avenues for seeking relief such as motions to vacate pursuant to 28 U.S.C. § 2255 are now foreclosed.

**DISCUSSION**

**A. Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure, as Petitioner concedes, is to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255 petition to avoid 28 U.S.C.§ 2244(b)'s constraints on successive petitions. As argued by Petitioner, however, in rare situations a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show "the remedy by motion [under § 2255] is inadequate or ineffective to test the validity of his detention," Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003) (quoting § 2255).

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Respondent SHALL FILE a brief addressing the issue of jurisdiction in this matter within **FORTY-FIVE (45)** days of the date of service of this order. Respondent shall include with the response any and all transcripts or other documents relevant to the issue;

2. Petitioner MAY FILE a reply brief within **THIRTY (30)** days from the date

Respondent's brief is filed; and

3. The Clerk of the Court SHALL serve a copy of this Order along with a copy of the Petition and all exhibits on the Office of the United States Attorney for the Eastern District of California.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **September 16, 2008**                      **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE