UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY ALONZO BLAGROVE, | ) | 1:08-CV-01120 AWI GSA HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION |
| v. | ) ) | TO DISMISS |
| DENNIS SMITH, Warden, | ) ) | [Doc. #19] |
| Respondent. | ) ) ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**[1]

Petitioner is currently in custody of the Federal Bureau of Prisons at the Federal Correctional Institution located in Herlong, California, pursuant to a judgment of the United States District Court for the Eastern District of Virginia entered on September 15, 1995, following his conviction by guilty plea to charges of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, and use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Petitioner filed a series of motions to vacate the sentence pursuant to 28 U.S.C. § 2255. They were denied and/or dismissed by the court of conviction. Petitioner also appealed to the Fourth

---

[1]This information is derived from Respondent's motion to dismiss and attached documents.

Circuit Court of Appeals, but his appeal was denied. Likewise, his petition to the Fourth Circuit for authorization to pursue a second or successive § 2255 motion was denied. Petitioner has also attempted to file a habeas petition pursuant to 28 U.S.C. § 2241 via the savings clause, but that petition was construed as a § 2255 motion and transferred to the Eastern District of Virginia where it was dismissed. Petitioner has continued filing § 2255 motions in the district court, and those motions have all been dismissed. The various appeals of those dismissals were also denied by the Fourth Circuit.

On August 1, 2008, Petitioner filed the instant petition for writ of habeas corpus challenging his conviction and sentence. Petitioner argues that the government failed to prove the substance he was charged with trafficking was actually crack cocaine, and he alleges his attorney was ineffective in failing to demand such proof. He claims he is therefore actually innocent and should be permitted to bring his claims via the savings clause.

On December 2, 2008, Respondent filed a motion to dismiss the petition pursuant to the Court's order requesting briefing. Respondent contends the Court is without jurisdiction. Petitioner filed his opposition to Respondent's motion on January 5, 2009.

**JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th

Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure is to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner concedes this fact. He admits bringing this petition as a § 2241 petition instead of a § 2255 motion because he has already sought relief by way of § 2255.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that this exception is a very narrow one. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). In Ivy, the Ninth Circuit held that § 2241 relief is available pursuant to the "escape hatch" in § 2255 if the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing*, Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner fails to meet either condition of the savings clause. Petitioner argues that the lab report he has obtained shows the substance recovered was cocaine, not cocaine base, and therefore the substance was not "crack cocaine." Thus, he argues his conviction for trafficking crack cocaine must be overturned. As Respondent argues, Petitioner's claim does not demonstrate "factual innocence." He merely raises a challenge to one item of evidence. Even if Petitioner were successful

in his challenge to this evidence, it was not critical to the conviction of conspiracy to traffic cocaine base over a period of time, and it was only one overt act of the many charged in the conspiracy.

Additionally, Petitioner fails to demonstrate that he has never had an unobstructed procedural shot at presenting his claim. As pointed out by Respondent, the laboratory report was available to Petitioner at any time since he entered his guilty plea. He has brought numerous challenges in the court of conviction and on appeal. He could have raised this claim on any one of those prior occasions. On the other hand, if for some reason this report only recently became available to Petitioner, then he has an opportunity to present his claim now by seeking authorization from the Fourth Circuit to file a second or successive § 2255 motion.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be GRANTED, the petition for writ of habeas corpus be DISMISSED, and the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days (plus three days for mailing) after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 18, 2009**         /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE